UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON R. ETTER,                                         Case No. 08-cv-13134

        Debtor.                                HONORABLE SEAN F. COX
_____/                        United States District Judge

DOUGLAS S. ELLMAN, Chapter 7
Trustee for Jason R. Etter,

        Plaintiff/Appellant,

v.

POPULAR FINANCIAL SERVICES, LLC,

        Defendant/Appellee.
_____/

OPINION AND ORDER

Appellant Douglas S. Ellman ("Trustee"), as Chapter 7 Trustee for Jason R. Etter ("Debtor"), filed this Bankruptcy Appeal [Doc. No. 1] on July 22, 2008. Trustee appeals the final ruling of Hon. Phillip J. Shefferly in Bankruptcy Adversary Proceeding No. 08-04134, in which the Bankruptcy Court granted summary judgment for the appellee, Popular Financial Services, LLC ("PFS"). The issue on appeal is whether two real estate mortgages of the debtor were properly held not avoided under 11 U.S.C. § 544(a). The parties have fully briefed the issues and this Court declines to hold oral argument pursuant to Bankruptcy Rule 8012. Trustee has also filed a Motion to Remand [Doc. No. 8], in which Trustee seeks remand of this action to

1

the Bankruptcy Court, where Trustee will seek leave to amend its complaint.  The parties have fully briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(e)(2).  For the following reasons, the holding of the Bankruptcy Court is **AFFIRMED**, and Appellant's Motion to Remand is **DENIED**.

## I.  BACKGROUND

On December 23, 2003, Debtor and his wife were conveyed a warranty deed for real property located at 7720 Roxbury Court, Ypsilanti, Michigan ("the Real Property").  Debtor and his wife held the property in tenancy by the entireties. On November 10, 2005, Debtor and his wife refinanced the Real Property, granting two mortgages on the Real Property to Structure Mortgage, Inc. d/b/a Zin Funding in the amounts of $220,500 and $24,500 (collectively, "the Mortgages").  On November 14, 2005, the Mortgages were endorsed without recourse to PFS.

On September 14, 2007, the Debtor filed a voluntary Chapter 7 petition, and Trustee was appointed as the Chapter 7 Trustee over Debtor's estate.  Debtor's wife is not a co-filing debtor and is not in bankruptcy.  Trustee filed the instant Bankruptcy Adversary Proceeding on February 6, 2008, seeking to avoid the Mortgages under 11 U.S.C. §§ 549 and 544(a).  The Bankruptcy Court dismissed Trustee's complaint under § 549 on June 15, 2008, and awarded summary judgment on Trustee's § 544(a) claims in favor of PFS on July 8, 2008.  It is the Bankruptcy Court's granting of summary judgment on Trustee's § 544(a) claim which is at issue on appeal.

The Bankruptcy Court gave an oral opinion in favor of granting PFS's motion for summary judgment (Transcript of July 7, 2008 Summary Judgment Hearing, hereafter referred to

as "Transcript"). After giving a summary of Michigan law on tenancy by the entireties (Transcript, pp.73-75), The Bankruptcy Court determined that a hypothetical creditor of the debtor contemplated in § 544(a) would not be able to become a bona fide holder of the Real Property under Michigan law due to the property being held under a tenancy by the entireties. *Id.* at 71-72, 75. Since the Debtor's wife held a joint interest in the Real Property, creditors of the Debtor alone (as opposed to joint creditors of both the Debtor and his wife) could not claim any interest in the Real Property. *Id.* at 70-71. The Bankruptcy Judge found Trustee's argument that the federal/state exemption distinction had an effect on the outcome of a § 544(a) claim was misplaced, *Id.* at 77, and ultimately distinguished all the case law Trustee cited. *Id.* at 78-85. Ultimately, the Bankruptcy Judge granted summary judgment for PFS, holding that Trustee could not avoid the two mortgages under § 544(a). *Id.* at 85.

On appeal, Trustee argues that real property, regardless of its status as entireties property, becomes property of the bankruptcy estate. (Appellant's Br., Doc. No. 5, p.4, citing *In re Grosslight*, 757 F.2d 773, 775 (6th Cir.1985). Trustee argues he can administer property for the benefit of creditors, assuming the debtor does not elect the state exemptions in the federal/state election distinction. *Id*.

Appellee argues that most of Trustee's arguments are "attempts to conflate inquiries arising under different sections of the bankruptcy code with those laid out in § 544(a)." (Appellee's Br., Doc. No. 7, p.9). PFS argues that Trustee's powers under § 544(a) are expressly limited by § 546, which incorporates state property law protections like the law of entireties tenancies in the instant case. *Id.* at 5. PFS also argues that Trustee relies upon legal theories which have been overruled. *Id.* at 11. Finally, PFS argues that, as this is a case involving §

3

544(a) of the Bankruptcy Code, Trustee's reliance upon cases which interpret § 547 of the Code is misplaced. *Id.* at 9.

On October 23, 2008, Trustee filed its Motion to Remand [Doc. No. 8]. In that motion, Trustee requests this Court remand the case to the Bankruptcy Court, where Trustee will seek leave to reopen the case and amend their complaint to add a cause of action under § 547 of the Bankruptcy Code. Trustee argues that District Courts have the power to remand cases to the Bankruptcy Court, and that remand is warranted here. (Appellant's Br., Doc. No. 8, p.2). PFS opposes remand, on the grounds that Trustee had opportunity to bring a motion to amend over the life of the case in Bankruptcy Court, and that the doctrine of res judicata would prevent the Bankruptcy Court from granting the motion Trustee seeks to bring. (Appellee's Br., Doc. No. 10, pp. 9-10).

## II.  STANDARD OF REVIEW

The court to which a claim or cause of action in a bankruptcy case is removed may remand that claim or cause on "any equitable ground." 28 U.S.C. § 1452(b). This standard has been interpreted as leaving remand issues to the discretion of the Court. *See, e.g., In re McCarthy*, 230 B.R. 414 (B.A.P. 9th Cir.1999); *In re Adelphia Communications Corp.*, 285 B.R. 127 (Bankr. S.D.N.Y.2002).

In reviewing cases from the Bankruptcy Court on appeal, this Court reviews the Bankruptcy Court's findings of fact under a clear error standard. *Wesbanco Bank Barnesville v. Rafoth (In re Baker & Getty Financial Services, Inc.)*, 106 F.3d 1255, 1259 (6th Cir.1997), *cert. denied*, 522 U.S. 816 (1997). A factual finding is clearly erroneous when "the reviewing court is

left with a definite and firm conviction that a mistake has been committed." *United States v. Aven*, 997 F.2d 1150, 1152 (6th Cir.1993). A district court reviews a bankruptcy court's conclusions of law de novo. *Baker & Getty*, 106 F.3d at 1259.

### III. ANALYSIS

A. <u>Appellant's Motion to Remand</u>

Appellant asks the Court to Remand this case to the Bankruptcy Court, so that it may seek leave to amend its complaint and bring a cause of action under § 547 of the Bankruptcy Code. Appellant directs this Court to *In re Thomas*, 428 F.3d 1266 (9th Cir.2005), which granted authority to the district court to remand proceedings to the bankruptcy court. Because the facts of *In re Thomas* can be distinguished from the instant case, and because the doctrine of res judicata prevents the bankruptcy court from granting a motion to amend at this stage, Trustee's Motion to Remand is **DENIED**.

*In re Thomas* did allow a district court to remand an appeal from the bankruptcy court, but remand in that case was only to redress a specific problem with the record upon appeal. The trustee in *In re Thomas* had filed a motion to amend the bankruptcy court's judgment before the appeal was certified. *In re Thomas*, 428 F.3d at 1268. On appeal, when the bankruptcy appellate panel realized the motion was still pending, it suspended the appeal so that the motion already pending before the Bankruptcy Court could be resolved. *Id*. This is not analogous to the instant case, where Trustee did not file their proposed Motion to Amend Complaint prior to the certification of appeal.

Trustee is barred by the doctrine of res judicata from raising its intended motion to

Amend Complaint after final judgment was entered by the Bankruptcy Court. Res judicata bars "the actual parties to an earlier bankruptcy proceeding from later bringing suits which should have been brought in the context of the proceeding." *Federated Dep't Stores, Inc., et al v. Motie, et al.*, 452 U.S. 394, 401 (1981).

The four elements of res judicata are: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir.2002).

In the instant case, there was a final decision on the merits by the Bankruptcy Judge in granting summary judgment for PFS. The action contemplated by Trustee under § 547 would be between the same parties as were involved in the original adversary proceeding. Trustee, in arguing for the Motion to Amend, is arguing that the § 547 action should have been originally pled in the prior adversary proceeding. Finally, an identity of the causes of action exists, as "the claims arose out of the same transaction or series or transactions, or...the claims arose out of the same core of operative facts." *In re Crowley, Milner & Co.*, 299 B.R. 830, 845-46 (Bankr. E.D.Mich.2003). As all four elements in *Browning v. Levy* are met in the instant case, the doctrine of res judicata bars Trustee from amending his complaint. For this reason, Trustee's Motion to Remand is **DENIED**.

B.  Appellant's Bankruptcy Appeal

Trustee argues that Debtor's election of the federal, rather than state, exemptions in his

Chapter 7 Bankruptcy proceeding allow the Trustee to administer his property held under a tenancy by the entireties.  Because of this, Trustee contends, the Bankruptcy Court erred in refusing to avoid the mortgages on the Real Property held by PFS.  Trustee's argument runs contrary to the plain language of § 544(a), and the cases which Trustee cites as on point either use logic which has been reversed in other cases, or are interpreting other sections of the Code.  For these reasons, the Court **AFFIRMS** the Bankruptcy Court's grant of Summary Judgment to PFS.

Title 11, Section 544(a) of the United States Code, under which Trustee seeks to avoid the Mortgages on Debtor's Real Property, reads as follows:

> **§ 544.  Trustee as lien creditor and as successor to certain creditors and purchasers.**
>
> (a) The trustee shall have, as of the commencement of the case, and without regard to an knowledge of the trustee of or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -
>
> > (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such as a judicial lien, whether or not such creditor exists;
> >
> > (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or
> >
> > (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a) (2008).  This Court is bound by existing Supreme Court precedent to construe § 544(a) under its plain and ordinary meaning.  *Lamie v. Untied States Trustee*, 540 U.S. 526, 534 (2004).

The plain language of § 544(a) does not support Trustee's argument that taking the federal, rather than state, property exemptions allows the Trustee to sever the tenancy by entireties and administer the Real Property.  Nowhere within the plain language of § 544(a) is there even any mention of a state/federal exemption distinction.  Rather, as the Bankruptcy Court held, this Court must look to 11 U.S.C. § 546 for the limitations upon Trustee's avoidance powers under § 544(a):

> The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any *generally applicable* [nonbankruptcy] *law* that -
>    (A) permits perfection of an interest in property to be effective against an entity that acquires the rights in such property before the date of perfection; or
>    (B) provides for the maintenance or continuation of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

11 U.S.C. § 546(b)(1) (emphasis added).  In a unanimous opinion, the Supreme Court recognized the § 546 limitations on a trustee's avoiding powers under  § 544.  *Fidelity Financial Services, Inc. v. Fink (In re Beasley)*, 522 U.S. 211, 217 (1998).  Thus, this Court must look to "generally applicable" nonbankruptcy law, notably the real property law of the State of Michigan covering entireties property, to determine whether the Trustee may administer the Real Property of the Debtor in the instant action.

As the Bankruptcy Court noted (Transcript, pp.72-75), Michigan's law of tenancy by the

8

entireties would not allow Debtor, by himself, to transfer his interest in the Real Property under § 544(a). The Michigan Court of Appeals in *Rogers v. Rogers*, 136 Mich.App. 125 (1984), gave a clear and concise history of the law of tenancy by the entireties in Michigan through the years, as well as its current state today:

> In Michigan real property law, tenancies by the entireties enjoy an ancient and hoary tradition. The usual and durable method for husband and wife to hold real estate has been as tenants by the entireties. The classic basis for a tenancy by the entireties was the concept that the husband and wife are but one person in the law. In a true tenancy by the entireties, each spouse is considered to own the whole and, therefore is entitled to the enjoyment of the entirety and to survivorship. When real property is so held as tenant by the entireties, *neither spouse acting alone can alienate or encumber to a third person an interest* in the fee of lands so held. Neither the husband nor the wife has an individual, separate interest in entireties property, and *neither has an interest in such property which may be conveyed, encumbered or alienated without the consent of the other*.

*Rogers v. Rogers*, 136 Mich.App. at 134 (citations omitted)(emphasis added).

Michigan law prevents the creditors of one spouse from executing on real property held as tenants by the entireties with the debtor's spouse. *See* M.C.L. § 600.6023a. Thus, as Debtor's wife owns an undividable interest in the Real Property, the Debtor alone cannot convey his interest to any of the three categories of hypothetical persons in § 544(a). The Trustee cannot administer the Real Property for the benefit of Debtor's estate without Debtor's wife being a party to the bankruptcy, and Trustee therefore may not seek to avoid the Mortgages held by PFS on the Real Property under § 544(a).

The unpublished oral opinion in *In re Schultz*, Case No. 02-88204 (Bankr. W.D.Mich.2003), is the only case on point which Trustee has cited in support of its arguments. "[Section] 544(a)(3)...permit[s] the trustee as representative of the estate to take title of [the debtor's] undivided interest in entireties property notwithstanding the lack of consent by [the

debtor's wife]." *In re Schultz*, Appellant's Ex. No. 1, p.26.  As PFS argues, "Judge Hughes was previously overturned on that very same issue by the District Court in *Spears v. Boyd*."  (Doc. No. 7, p.11).  In *Spears*, the Western District of Michigan noted:

> [T]he Bankruptcy Court's treatment [written by Judge Hughes] of the entireties is not supported by any established or new found Congressional policy.  It runs directly contrary to the central premise - that relief from debts is available and is to be liberally construed in favor of debtors *in accordance with both state law and the laws of Congress.*

*Spears v. Boyd (In re Spears)*, 313 B.R. 212, 218 (W.D.Mich.2004).  In the instant case, the Bankruptcy Court found reliance by the Trustee on *In re Schultz* to have been misplaced (Transcript, pp.78-80), and this Court concurs in that assessment.

The plain language of § 544(a), reading in Michigan's law on tenancy by the entireties as required by § 546, does not allow the Trustee to sever the Debtor's interest in the Real Property from that of his wife.  For this reason, the Court **AFFIRMS** the decision of the Bankruptcy Court granting summary judgment to PFS.

IV.  CONCLUSION

For reasons explained above, the Court **DENIES** Appellant's Motion to Remand, and **AFFIRMS** the holding of the Bankruptcy Court.

**IT IS SO ORDERED**.

Dated:  February 3, 2009          S/ Sean F. Cox
                                  Sean F. Cox
                                  United States District Court Judge

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JASON R. ETTER,                                     Case No. 08-cv-13134

            Debtor.                           HONORABLE SEAN F. COX
_____/     United States District Judge

DOUGLAS S. ELLMAN, Chapter 7
Trustee for Jason R. Etter,

            Plaintiff/Appellant,

v.

POPULAR FINANCIAL SERVICES, LLC,

            Defendant/Appellee.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on February 3, 2009.

                                             s/Jennifer Hernandez
                                             Case Manager to
                                             District Judge Sean F. Cox